IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | **WILLIAM F. STANLEY,** aka | : | Chapter 13 |
| | William Frederick Stanley, aka | : | Case No. **5:17-bk-00884** |
| | William Stanley, and | : | |
| | **LORI ANN STANLEY**, aka | : | |
| | Lori A. Stanley, aka Lori Stanley | : | |
| | Debtors**,** | : | |
| | | | |
| **WILLIAM F. STANLEY** and | | : | |
| **LORI ANN STANLEY,** | | : | Motion to Determine |
| | Objectors, | : | Postpetition Mortgage |
| | v | : | Fees, Expenses & Charges |
| **GUARANTEED RATE, INC.,** | | : | |
| | Claimant, | : | |

## MOTION TO DETERMINE POSTPETITION MORTGAGE FEES, EXPENSES, & CHARGES OF GUARANTEED RATE

AND NOW COMES Debtors **WILLIAM F. STANLEY** and **LORI ANN STANLEY** by and through their attorneys NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., with Motion to Determine Postpetition Mortgage Fees, Expenses, and Charges of **GUARANTEED RATE,** and in support thereof avers:

1. **GUARANTEED RATE, INC., ("GUARANTEED")** filed Notice of Postpetition Mortgage Fees, Expenses, and Charges on May 18, 2017 (the "Notice"). A true and correct copy of the Notice is filed with this Motion as an Exhibit and incorporated herein by reference as if set out at length.

2. Federal Rule of Bankruptcy Procedure 3002.1 provides for the filing of such notices and motion to determine whether "payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law," and that such motions be filed within one year. Fed. R. Bank. P. 3002.1(e).

3. The Notice indicates charges to incurred to debtor's mortgage account of:

    a. Attorney fees: 03/28/2017 (Objection) $500;

    b. Filing fees and court costs: 03/28/2017 (Entry of Appearance) $150;

| | | | | |
|---|---|---|---|---|
| c. | Bankruptcy/Proof of Claim fees: | 04/14/2017 (POC) | | $425; |
| d. | Other. Specify: POC 410A Form | 04/18/2017 | | $250; |
| e. | Other. Specify: Objection Postage | 03/28/2017 | | $2.68; and |
| f. | Other. Specify: Plan Review | 03/23/2017 | | $225. |

4. The underlying claim of Guaranteed is with regard to a residential mortgage. See Proof of Claim No. 2.

5. Pennsylvania's "Act 6", particularly 41 P.S. § 406, bars imposition of attorneys' fees incurred prior to or during the thirty-day notice period provide by 41 P.S. § 403. See, e.g., *In re Olick,* 221 B.R. 146, 153 (Bankr. E.D.Pa. 1998).

6. Debtors have not received an Act 6 notice, therefore all of the attorneys' fees were incurred prior to or during the thirty-day notice period provide by 41 P.S. § 403.

7. "Act 6 does not permit the collection of attorney's fees for litigation in bankruptcy court." *In re Olick,* 221 B.R. at 154.

WHEREFORE, Debtors **WILLIAM F. STANLEY** and **LORI ANN STANLEY** pray this Honorable Court for an Order that the total Postpetition Mortgage Fees, Expenses, and Charges due to **GUARANTEED RATE, INC.,** is $2.68, directing **GUARANTEED RATE, INC.,** to pay any all attorneys' fees and costs associated with this Motion, and for such other and further relief as the Honorable Court deems just and appropriate.

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

By: /s/ J. Zac Christman
J. ZAC CHRISTMAN, ESQUIRE
Attorney for Debtors
PO Box 511, 712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090; fax (570) 424-9739
jchristman@newmanwilliams.com