IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  **WILLIAM F. STANLEY,** aka | : | Chapter 13 |
| William Frederick Stanley, aka | : | Case No. **5:17-bk-00884** |
| William Stanley, and | : | |
| **LORI ANN STANLEY**, aka | : | |
| Lori A. Stanley, aka Lori Stanley | : | |
| Debtors**,** | : | |
| | : | |
| **WILLIAM F. STANLEY** and | : | |
| **LORI ANN STANLEY,** | : | Motion to Determine |
| Objectors, | : | Postpetition Mortgage |
| v | : | Fees, Expenses & Charges |
| **GUARANTEED RATE, INC.,** | : | |
| Claimant, | : | |

**BRIEF IN SUPPORT OF MOTION TO DETERMINE POSTPETITION
MORTGAGE FEES, EXPENSES, AND CHARGES OF GUARANTEED RATE**

**I.     STATEMENT OF RELEVANT FACTS**

**GUARANTEED RATE, INC., ("GUARANTEED")** filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on May 18, 2017 (the "Notice").  The underlying claim of **GUARANTEED** is with regard to a residential mortgage. See Proof of Claim No. 2. The Notice indicates charges incurred to debtor's mortgage account of:

| | | | |
|---|---|---|---|
| a. | Attorney fees: | 03/28/2017 (Objection) | $500; |
| b. | Filing fees and court costs: | 03/28/2017 (Entry of Appearance) | $150; |
| c. | Bankruptcy/Proof of Claim fees: | 04/14/2017 (POC) | $425; |
| d. | Other. Specify: POC 410A Form | 04/18/2017 | $250; |
| e. | Other. Specify: Objection Postage | 03/28/2017 | $2.68; |

and

| | | | |
|---|---|---|---|
| f. | Other. Specify: Plan Review | 03/23/2017 | $225. |

The above costs itemize attorneys' fees of **GUARANTEED** at a combined $1,550 for

prepareing and filing a proof of claim and reviewing, then filing an Objection to, a Chapter 13 Plan filed by Debtors. Federal Rule of Bankruptcy Procedure 3002.1 provides for the filing of such notices and motions to determine whether "payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law," and that such motions be filed within one year. Fed. R. Bank. P. 3002.1(e). Debtors timely filed the instant **Motion to Determine Postpetition Mortgage Fees, Expenses, and Charges of Guaranteed Rate** on December 20, 2017.

A hearing was held on February 6, 2018, which Debtors attended, to testify, if necessary. As there was no dispute of the truth of the averment of the Motion that "Debtors have not received an Act 6 notice," no testimony was required. Movant and Respondent were provided fourteen (14) days to file a Brief.

**II. ISSUE PRESENTED**

Are Postpetition Mortgage Fees, Expenses, and Charges in the nature of attorneys' fees chargeable to Debtors with regard to a residential mortgage which was not subject to an Act 6 notice?

Suggested Answer: **No.** The Bankruptcy Code provides for such fees via 11 U.S.C. § 506(b) on where the secured property has a value greater than the claim and then only reasonable fees, costs or charges. The underlying mortgage and its terms are subject to Pennsylvania law. "Act 6 does not permit the collection of attorney's fees for litigation in bankruptcy court." *In re Graboyes,* 223 Fed. Appx. 112, 117 (3rd Cir. 2007)(quoting *In re Olick,* 221 B.R. 146, 154 (Bankr. E.D.Pa. 1998)).

2

Case 5:17-bk-00884-JJT    Doc 48    Filed 02/20/18    Entered 02/20/18 17:08:36    Desc
Main Document      Page 2 of 5

### III. ARGUMENT

Pennsylvania has enacted "a series of . . . consumer protection statutes that are to be liberally construed in favor of the homeowner." *In re Graboyes,* 223 Fed. Appx. 112, 115 (3rd Cir. 2007)(quoting *In re Schwartz,* 68 B.R. 376, 379 (E.D.Pa. 1986)). Most pertinent are Pennsylvania's Loan Interest and Protection Law, also known as Act 6 and 41 Pa.C.S.A.§ 101 et. seq. and the Pennsylvania Foreclosure Prevention Act, also known as Act 91 and 35 Pa.C.S.A. § 1680.401c. See, e.g., *In re Graboyes*, at 114; and *Sayre v. Customers Bank,* 2017 U.S. Dist. LEXIS 86141 at fn2 (E.D.Pa. 2017). The focus is on Act 6, because it applies to all residential mortgages, not merely those secured by the residence of a party.[1] See, e.g., *In re Graboyes*, at 116.

> The . . . allowance of attorneys' fees in a proof of claim is governed by § 506(b) of the Bankruptcy Code. 11 U.S.C. § 506. However, the analysis under § 506(b) requires, *inter alia,* that fees and costs must be "allowable under state law," so we must look to § 406 as well.

*In re Graboyes*, at fn5(citing *In re Olick,* 221 B.R. 146, 152-53 (Bankr. E.D.Pa. 1998)). The reference is to 41 P.S. § 406:

> With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
> 2. Reasonable fees for services included in actual settlement costs.
> 3. Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
> 4. Prior to commencement of foreclosure or other legal action attorneys' fees which are reasonable and actually incurred not in excess of fifty dollars ($ 50)

---

[1] "'RESIDENTIAL MORTGAGE' means an obligation to pay a sum of money in an original bona fide principal amount of the base figure or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit." 41 P.S. § 101. Note: the property underlying the instant dispute is Debtors' residence.

3

> provided that no attorneys' fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.

41 P.S. § 406.

> "[T]he term 'other legal action,' in the context of 41 P.S. § 406, refers only to legal proceedings to enforce a mortgage obligation in the manner of a foreclosure action, and not to a matter filed to attempt to advance the mortgagee's position in bankruptcy court."

*In re Graboyes*, at 117(quoting *In re Vitelli,* 93 B.R. 889, 897 (E.D.Pa. 1988). The Third Circuit Court of Appeals also cited *In re Schwartz,* 68 B.R. 376 (Bankr.E.D.Pa. 1986), which provides the rationale.

> In summary, I hold that the phrase "other legal action" in 41 P.S. § 406 does not refer to a bankruptcy proceeding to enforce a creditor's federal rights under 11 U.S.C. § 362. I reach this conclusion based on: (1) the desire to interpret sections 403 and 406 consistently in their use of the phrase "legal proceedings;" (2) the significant distinctions between the nature of a relief from automatic stay proceeding and a mortgage foreclosure or equivalent action to recover under a mortgage obligation as discussed in *In re Johnson*; (3) the original intent of the legislature in enacting Act 6 in 1974; and (4) the strong consumer protection policy embodied in Act 6 which is designed to "limit the demands which the mortgagee can make upon the residential mortgage debtor as a condition for totally curing his default."

*In re Schwartz,* 68 B.R. at 384(quoting *In re Small,* 65 B.R. 686, 692 Bankr.E.D.Pa 1986)(citing *In re Johnson*, 756 F.2d 738 (9th Cir) *cert. denied,* 474 U.S. 828 (1985).

The holdings above, that bar imposition of attorneys' by a mortgagee on a mortgagor incurred in "bankruptcy litigation" have been applied to eliminate, or reduce to $50, attorneys' fees incurred prepetition (*In re Graboyes*), fees incurred for a motion for relief in a pending case (*In re Schwartz*), and for fees associated with proof of claims (*In re Graboyes* and *In re Olick*). The general nature of the holdings clearly encompasses other items of "bankruptcy litigation," including the "Objection," "Entry of Appearance," "Plan Review," and any other request of

4

Respondent/Claimant **GUARANTEED RATE** for attorneys' fees for any other action taken in this bankruptcy case.

## IV. CONCLUSIONS

For these reasons, Debtors **WILLIAM F. STANLEY** and **LORI ANN STANLEY** pray this Honorable Court for an Order that GRANTS the **Motion to Determine Postpetition Mortgage Fees, Expenses, and Charges of Guaranteed Rate**, ORDERS that the total Postpetition Mortgage Fees, Expenses, and Charges due to **GUARANTEED RATE, INC.,** is $2.68, and for such other and further relief as the Honorable Court deems just and appropriate.

        Respectfully submitted,

        NEWMAN, WILLIAMS, MISHKIN,
        CORVELEYN, WOLFE & FARERI, PC.

By: /s/ J. Zac Christman
     J. ZAC CHRISTMAN, ESQUIRE
     Attorneys for Debtors
     Attorney I.D. No. 80009
     P.O. Box 511, 712 Monroe Street
     Stroudsburg, PA 18360
     (570) 421-9090, fax (570) 424-9739
     jchristman@newmanwilliams.com