IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| WILLIAM F. STANLEY aka | : | BANKRUPTCY NO.: 5-17-bk-00884-JJT |
| William Frederick Stanley, aka | : | |
| William Stanley, and | : | |
| LORI ANN STANLEY, aka | : | |
| Lori A. Stanley, aka Lori Stanley, | : | |
| DEBTORS | : | |
| WILLIAM F. STANLEY, | : | {**Nature of Proceeding**: Motion to |
| LORI ANN STANLEY, | : | Determine Postpetition Mortgage Fees, |
| | : | Expenses, & Charges of Guaranteed Bank |
| MOVANTS/OBJECTORS | : | (Doc. #38)} |
| vs. | : | |
| GUARANTEED RATE, INC., | : | |
| RESPONDENT/CLAIMANT | : | |

# **OPINION**

In the Chapter 13 case of William and Lori Ann Stanley, their secured creditor, Guaranteed Rate, Inc., filed a Notice of Post Petition Mortgage Fees, Expenses, and Charges pursuant to Federal Rule of Bankruptcy Procedure 3002.1(c). Guaranteed asserts postpetition obligations of $1,550.00 in attorney's fees and $2.68 in costs are due against the Debtors' property. Debtors' counsel responded with a Motion under Rule 3002.1(e) asking the Court to make a determination of the appropriate postpetition charges due from the Debtors.

At the time of hearing, no evidence was offered inasmuch as the facts were not in dispute. Guaranteed argues that these charges are provided for in the mortgage. Doc. #43. Debtors advance that these charges are regulated and capped by Pennsylvania statute, known as Act 6. 41 P.S. § 406.

Act 6 is known as Pennsylvania's Loan Interest and Protection Law. Section 406 of that

law reads:

> With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
>
> (1)  Reasonable fees for services included in actual settlement costs.
>
> (2)  Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
>
> (3)  Prior to commencement of foreclosure or other legal action attorneys' fees which are reasonable and actually incurred not in excess of fifty dollars ($50) provided that no attorneys' fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.

41 Pa.Stat.Ann. § 406 (West)

A number of cases have applied Act 6 limitations to mortgagee's attorney fees generated by proceedings in bankruptcy. *In re Graboyes*, 223 Fed.Appx. 112, 117 (3d Cir. 2007) (unpublished opinion); *In re Olick*, 221 B.R. 146, 153 (Bankr. E.D.Pa. 1998); *In re Vitelli*, 93 B.R. 889 (Bankr. E.D.Pa. 1988); *In re Schwartz*, 68 B.R. 376, 382 (Bankr. E.D.Pa. 1986). While this issue was briefed by the Debtors, the mortgagee has not submitted a brief in support of its position that the terms of the mortgage override the language of Act 6. I am satisfied that Act 6 is applicable to the facts in this case and the mortgagee can charge no legal fees prior to the notice period in Act 6.

For these reasons, I will limit this postpetition charge by the mortgagee to its costs of $2.68.

My Order is attached.

By the Court,

*[signature]*

John J. Thomas, Bankruptcy Judge (CMP)

Date: June 12, 2018

[K:\Cathy\Opinions-Orders filed 2018\5-17-bk-00884-JJT_Stanley pdf]